IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LEO B. TURNER,

    Plaintiff,

  v.

SGT. R. COLON,

    Defendant.

No. C 10-04046 CW (PR)

ORDER DISMISSING ACTION

## BACKGROUND

Plaintiff Leo B. Turner is a prisoner of the State of California who is incarcerated at Salinas Valley State Prison (SVSP). He has filed this civil rights action under 42 U.S.C. § 1983. He has been granted leave to proceed <u>in forma pauperis</u>.

Venue is proper in this Court because the injuries complained of occurred in SVSP, which is located within the Northern District of California. <u>See</u> 28 U.S.C. § 1391; 28 U.S.C. § 84.

## BACKGROUND

Plaintiff alleges that on April 20, 2010, Sergeant R. Colon and three unknown correctional officers directed all inmates in his unit to leave their cells in order for certain cell doors to be repaired. Plaintiff claims that he and the other inmates were "directed to go outside without coats or rain jackets even tho [sic] it was storming and raining outside." (Compl. at 3.) As a result, he "caught a rispatory [sic] infection, which caused [his] bones, legs and hips to ache all the time." (<u>Id.</u>) He seeks monetary damages.

## STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## DISCUSSION

Neither negligence nor gross negligence is actionable under § 1983 in the prison context. See Farmer v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). The applicable standard is one of deliberate indifference to inmate health or safety under the Eighth Amendment, see Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 302 (1991), which requires more than a showing of negligence, see Estelle v. Gamble, 429 U.S. 97, 106 (1976). A prison official cannot be held liable under the Eighth Amendment unless the standard for criminal recklessness is met, that is, the official knows of and

2

disregards an excessive risk to inmate health or safety. See Farmer, 511 U.S. at 837. And under no circumstances is there respondeat superior liability under § 1983. See Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff's allegations amount to negligence at most, and do not state a claim for relief under the Eighth Amendment. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted. Because amendment would be futile, this action is DISMISSED with prejudice.

## CONCLUSION

For the foregoing reasons, this action is DISMISSED with prejudice and without leave to amend.

The Clerk of the Court shall enter judgment, terminate all pending motions including Plaintiff's motion for appointment of counsel (docket no. 4), and close the file.

IT IS SO ORDERED.

DATED: 10/12/2010

CLAUDIA WILKEN
United States District Judge

3

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

TURNER et al,

        Plaintiff,

v.

COLON et al,

        Defendant.

Case Number: CV10-04046 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 12, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Leo B. Turner K99152
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960

Dated: October 12, 2010

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk

4