IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEO B. TURNER,<br><br>           Plaintiff,<br><br>    v.<br><br>SGT. R. COLON, et al.,<br><br>           Defendants.   / | No. C 10-04046 CW (PR)<br><br>ORDER GRANTING RECONSIDERATION, VACATING ORDER OF DISMISSAL WITH PREJUDICE AND TRANSFERRING ACTION TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA<br><br>(Docket nos. 8 & 9) |

   Plaintiff Leo B. Turner, a state prisoner incarcerated at Salinas Valley State Prison, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 seeking damages for a respiratory infection he acquired after correctional officers directed Plaintiff and other inmates to stand outside in a rainstorm without the benefit of coats or jackets while their cell doors were being repaired.

   On October 12, 2010 the Court dismissed the complaint for failure to state a claim upon which relief could be granted. Based on the facts alleged in the complaint, the Court determined that amendment to state a claim for relief would be futile and dismissed the complaint with prejudice and without leave to amend. Judgment was entered that same date.

   Now pending before the Court is Plaintiff's motion for reconsideration of the Court's Order of dismissal. Additionally, Plaintiff has submitted a first amended complaint for the Court's review.

//

## DISCUSSION

A motion which challenges the Court's final judgment may be properly brought under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. See Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441-42 (9th Cir. 1991). Because Plaintiff's motion was filed within ten days of the entry of judgment it will be treated as a motion to alter or amend judgment under Rule 59(e). See United States v. Nutri-Cology, Inc., 982 F.2d 394, 396-97 (9th Cir. 1992) (a motion to reconsider served within ten days of the entry of order or judgment should be construed as a Rule 59(e) motion).

"A motion for reconsideration under Rule 59(e) 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" McDowell v. Calderon, 197 F.3d 1253, 1254 (9th Cir. 1999) (internal citation omitted).

In his original complaint, Plaintiff alleged that he caught a respiratory infection after Sgt. R. Colon, an unnamed Correctional Lieutenant and three unnamed floor officers ordered Plaintiff and other inmates to go to "mandatory yard" and stand outside in the rain without coats or jackets while the inmates' cell doors were being fixed. The Court dismissed Plaintiff's complaint, finding as follows:

> Neither negligence nor gross negligence is actionable under § 1983 in the prison context. See Farmer v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). The applicable standard is one of deliberate indifference to inmate health or safety under the Eighth Amendment, see Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294,

2

> 302 (1991), which requires more than a showing of negligence, see Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A prison official cannot be held liable under the Eighth Amendment unless the standard for criminal recklessness is met, that is, the official knows of and disregards an excessive risk to inmate health or safety. See Farmer, 511 U.S. at 837.  And under no circumstances is there respondeat superior liability under § 1983.  See Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).
>
> Plaintiff's allegations amount to negligence at most, and do not state a claim for relief under the Eighth Amendment.  Accordingly, Plaintiff has failed to state a claim upon which relief may be granted.  Because amendment would be futile, this action is DISMISSED with prejudice.

Order of Dismissal at 2:19-3:11.

In the present motion for reconsideration, Plaintiff argues that he should be allowed to amend his complaint to allege facts that show Defendants intentionally acted to cause harm to Plaintiff by acting with deliberate indifference to his safety in violation of the Eighth Amendment.  Plaintiff has submitted for the Court's review a first amended complaint in which he restates the claim from his original complaint in greater detail, alleging that even though the usual practice when cell doors are being fixed is to put inmates in the dining hall, Defendants, knowing it was storming outside, intentionally made the inmates stand in the yard without allowing them to retrieve coats or jackets for protection.  In addition, Plaintiff states for the first time in the first amended complaint that the actions complained of took place at Deuel Vocational Institution, in Tracy, California.

The Court finds that when the new factual allegations in Plaintiff's first amended complaint are liberally construed they state an Eighth Amendment claim for deliberate indifference to

3

Plaintiff's safety. Accordingly, the Court hereby GRANTS Plaintiff's motion for reconsideration, VACATES the Order dismissing the complaint with prejudice and directs the Clerk of the Court to REOPEN this action.

In view of the fact that Plaintiff's claims did not occur at Salinas Valley State Prison, however, but took place at Deuel Vocational Institution, which is located in San Joaquin County within the Eastern District of California, the action is hereby TRANSFERRED to the United States District Court for the Eastern District of California.  See 28 U.S.C. § 84(b); 28 U.S.C. § 1406(a).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion for reconsideration is GRANTED.
2. The Court's October 12, 2010 Order of Dismissal With Prejudice is VACATED.
3. The Clerk shall REOPEN this action.
4. The Clerk shall TRANSFER the case to the United States District Court for the Eastern District of California forthwith.

This Order terminates Docket nos. 8 and 9.

IT IS SO ORDERED.

DATED: 8/31/2011

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

TURNER et al,

        Plaintiff,

v.

COLON et al,

        Defendant.

Case Number: CV10-04046 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 31, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Leo B. Turner K99152
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960

Dated: August 31, 2011

                Richard W. Wieking, Clerk
                By: Nikki Riley, Deputy Clerk

5