IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEO B. TURNER, JR.,

        Plaintiff,                      No. CIV S-11-2343 GGH P

    vs.

R. COLON, et al.,

        Defendants.           ORDER

_____/

        This case was dismissed with prejudice in the Northern District for failure to state a claim upon which relief could be granted by order filed on October 12, 2010. However, on plaintiff's motion for reconsideration, the court vacated the order of dismissal, re-opened the action and transferred it to the Eastern District by order, filed on August 31 2011. In so doing, the court noted that plaintiff had submitted a first amended complaint (filed as of November 24, 2010), which the court found, on reconsideration and by liberally construing the allegations, to frame an Eighth Amendment claim for deliberate indifference to plaintiff's safety. See order at docket # 12. However, the case was transferred to this court because the claims arose at Deuel Vocational Institution within San Joaquin County.

        Plaintiff now requests an extension of time of sixty days to file a second amended complaint and a copy of his first amended complaint. Plaintiff states that he has additional

1

information from his medical file to include and that he is currently "in the hole," cannot get to the law library and has had all of his legal work stolen. The court will authorize the clerk to send plaintiff a copy of his five-page first amended complaint on this one occasion; in future, however, plaintiff will be required to submit the appropriate payment for copies to the clerk in advance.

Plaintiff will be granted leave to file a second amended complaint. In filing a further amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

*In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.* This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In

2

certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances because at this time plaintiff is being granted, at his request, further leave to amend leaving the court unable at this time to determine precisely what the circumstances of the action are and whether or not they could be characterized as exceptional. Plaintiff's requests for the appointment of counsel will therefore be denied.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for an extension of time to file a second amended complaint, filed on September 26, 2011 (docket # 17), is granted;

2. Plaintiff is granted sixty days to file a second amended complaint; there will be no further extension of time;

3. The Clerk of the Court on this one occasion is directed to send plaintiff a copy of his five-page amended complaint, filed on November 24, 2010 at docket # 11; and

4. Plaintiff's requests for appointment of counsel, filed on September 26, 2011 (docket # 16) and on October 27, 2011 (docket # 18), are denied.

DATED: November 14, 2011

                     /s/ Gregory G. Hollows
                    UNITED STATES MAGISTRATE JUDGE

GGH:009/md
turn2343.31+