IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEO B. TURNER,

      Plaintiff,                    No. 2:11-cv-2343 GGH P

   vs.

R. COLON, et al.,

      Defendants.           <u>ORDER</u>

_____/

      Plaintiff is a prison inmate proceeding pro se and in forma pauperis with a civil rights action. On August 9, 2012, plaintiff filed his fourth request for the appointment of counsel. It has been explained to plaintiff previously that the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances in that plaintiff's claim of an Eighth Amendment violation is relatively straightforward.

\\\\\

1

1 | Plaintiff asks that counsel from a specific San Francisco law firm, Rosen Bien
2 | Galvan, LLP (a well known plaintiff's civil rights firm), be appointed to represent him. The
3 | court finds the circumstances of this case do not presently warrant appointment of counsel, but
4 | plaintiff may contact these counsel and have counsel substitute in on his behalf if they are willing
5 | to do so.
6 | Accordingly, IT IS ORDERED that plaintiff's August 9, 2012 (docket # 28),
7 | motion for appointment of counsel is denied.
8 | DATED: August 22, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009/kly
turn2343.31thr