IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEO B. TURNER,

        Plaintiff,                        No. 2:11-cv-2343 GGH P

    vs.

R. COLON, et al.,

        Defendants.               ORDER

_____/

        Plaintiff is a prison inmate proceeding pro se and in forma pauperis with a civil rights action. By order, filed on August 16, 2012, this court ordered service of plaintiff's amended complaint upon several defendants. On September 10, 2012, plaintiff filed a request to this court for copies of his documents pertaining to this case, contending that a Correctional Officer Smith (not a party to the instant action) had destroyed all of plaintiff's property, which included, in addition to his eyeglasses, all of plaintiff's "paperwork" pertaining to this action. Plaintiff claims C/O Smith's actions have been in retaliation for plaintiff's having brought this lawsuit.

        Although this court has ordered service of process, it appears that no defendant has yet been served. Usually persons or entities not parties to an action are not subject to orders for injunctive relief. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 89 S. Ct.

1

1562 (1969). However, the fact one is not a party does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." See generally S.E.C. v. G.C. George Securities, Inc., 637 F.2d 685 (9th Cir. 1981); United States v. New York Telephone Co., 434 U.S. 159, 98 S. Ct. 364 (1977). This section does not grant the court plenary power to act in any way it wishes; rather, the All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).

The court is concerned that it may lose its jurisdiction if plaintiff is unable to prosecute this action because he has no access to his legal material pertinent to this case.

Accordingly, IT IS ORDERED that:

1. Within fourteen days of the date of this order, the warden of Kern Valley State Prison shall inform the court whether plaintiff's documents pertaining to this case have been removed so that he has no access to them or have been destroyed and, if so, why that has occurred;

2. The Clerk of the Court is directed to serve this order by mail on Warden Martin Biter, Kern Valley State Prison, 3000 West Cecil Ave., P.O. Box 6000, Delano, CA 93216-6000.

DATED: September 13, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
turn2343.ord