IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEO B. TURNER, Jr.,

        Plaintiff,                 No. 2:11-cv-2343 AC P

    vs.

R. COLON, et al.,                ORDER and

        Defendants.        FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

42 U.S.C. § 1983.  Pending before the court is defendant Colon's October 29, 2012 (ECF No. 40)

motion to revoke plaintiff's in forma pauperis status, in which defendants Richards, Nicholson

and Casey joined on November 7, 2012 (ECF No. 45).  The motion is fully briefed.  See ECF No.

53 (plaintiff's opposition), ECF No. 54 (defendants' reply).  Also pending before the court are

defendants' motion to strike plaintiff's "sur-opposition" or sur-reply (ECF No. 58), and

plaintiff's motion for leave to amend and extension of time to amend (ECF No. 66).

////

////

////

1

1    Motion to Revoke In Forma Pauperis Status

2    The Prison Litigation Reform Act of 1995 ("PLRA") permits any court of the

3    United States to authorize the commencement and prosecution of any suit without prepayment of

4    fees by a person who submits an affidavit indicating that the person is unable to pay such fees;

5    however,

6        [i]n no event shall a prisoner bring a civil action or appeal a
         judgment in a civil action or proceeding under this section if the

7        prisoner has, on 3 or more prior occasions, while incarcerated or
         detained in any facility, brought an action or appeal in a court of

8        the United States that was dismissed on the grounds that it is
         frivolous, malicious, or fails to state a claim upon which relief may

9        be granted, unless the prisoner is under imminent danger of serious
         physical injury.

10

11   28 U.S.C. § 1915(g); see generally Andrews v. King, 398 F.3d 1113, 1115-16 (9th Cir. 2005).

12   The plain language of the statute makes clear that a prisoner is precluded from

13   bringing a civil action in forma pauperis ("IFP") if the prisoner has brought three frivolous

14   actions and/or appeals (or any combination thereof totaling three).  See Rodriguez v. Cook, 169

15   F.3d 1176, 1178 (9th Cir. 1999).  When a defendant challenges a prisoner's right to proceed IFP,

16   the defendant bears the burden of producing sufficient evidence to establish that § 1915(g) bars

17   the plaintiff's IFP status.  Once the defendant has made out a prima facie case, the burden shifts

18   to plaintiff to persuade the court that § 1915(g) does not apply.  Andrews, 398 F.3d at 1116.  In

19   forma pauperis status may be acquired and lost during the course of litigation.  Stehouwer v.

20   Hennessey, 841 F. Supp. 316, 321 (N.D. Cal. 1994), *vacated in part on other grounds by*

21   Olivares v. Marshall, 59 F.3d 109 (9th Cir. 1995).

22   The § 1915(g)  "three strikes" rule should be used to deny IFP status only upon

23   review of the prior dismissals for a determination that the actions were dismissed as frivolous,

24   malicious or for failure to state a claim.  Andrews, 398 F.3d at 1121.  Dismissals for  failure to

25   state a claim with or without prejudice may count as strikes.  O'Neal v. Price, 531 F.3d 1146,

26   1154-55 & n.9 (9th Cir. 2008).  A prior case "plainly qualifie[s] as a strike" when "the docket

2

1  record show[s] that it was dismissed for failure to state a claim under Rule 12(b)(6)."  Andrews,

2  398 F.3d at 1121; see also Moore v. Maricopa County Sheriff's Office, 657 F.3d 890, 894 (9th

3  Cir. 2011) (dismissals pursuant to Fed. R. Civ. P. 12 (b)(6) qualify as strikes under § 1915(g)),

4  cert. denied, 132 S. Ct. 2777 (2012).  Rejection of an IFP application on grounds that the

5  complaint fails to state a claim, under 28 U.S.C. § 1915(e), operates as a dismissal and

6  constitutes a strike.  O'Neal, 531 F.3d at 1153; see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th

7  Cir. 2000) (three dismissals under § 1915(e)(2) result in disqualification from IFP status pursuant

8  to § 1915(g)) .  Where a complaint has been dismissed on more than one ground and it is clear

9  that failure to state a claim was "a fully sufficient condition . . . for a dismissal with prejudice,"

10  that dismissal constitutes a strike.  O'Neal, 531 F.3d at 1155-56.

11        Defendants request judicial notice of court records they have included as exhibits

12  to their motion, which request is granted.  (Judicial notice may be taken of court records.  Valerio

13  v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.),

14  cert. denied, 454 U.S. 1126 (1981)).

15        Defendants cite the following cases as strikes:

16  •       Turner v. Girton, Case No. 2:00-cv-1784 FCD GGH P

17          dismissed by Order filed on May 21, 2001, granting

18          defendants' motion to dismiss.  ECF No. 41-1, Ex. C at 11-

19          12.

20  •       Turner v. Girton, Case No. 2:03-cv-1667 MCE DAD P -

21          dismissed by Order filed on July 1, 2004 "for failure to

22          state a claim upon which relief may be granted."  ECF No.

23          41-1, Ex. E at 20-21.

24

25

26

3

1         ●       Turner v. Kato, Case No. 3:03-cv-4675 JSW (N.D. Cal.)[1] -

2               dismissed by Order filed on March 29, 2007 granting

3               defendants' 12(b)(6) motion to dismiss for failure to state a

4               claim (and denying summary judgment motion as moot).

5               ECF No. 41-1, Ex. H at 36, 42.

6               The complaint in Turner v. Girton, Case No. 2:03-cv-1667 MCE DAD P, was

7 dismissed with leave to file an amended complaint, after which the amended complaint was

8 dismissed at the screening stage for failure to state a claim.  ECF Nos. 14, 20, 26 in Case No.

9 2:03-cv-1667.[2]  Dismissal at the screening stage for failure to state a claim constitutes a strike.

10 O'Neal, 531 F.3d at 1153; Lopez, 203 F.3d at 1129.

11              In Turner v. Kato, Case No. 3:03-cv-4675 JSW, a complaint that had passed

12 through the screening process was nonetheless dismissed on defendants' 12(b)(6) motion, when

13 the court determined that the amended complaint sought relief that was unavailable.  ECF No.

14 41-1, Ex. H at 35 - 42 (Order filed on March 29, 2007).  Hence, it is clear that this case was

15 dismissed under Rule 12(b)(6) for failure to state a claim upon which relief could be granted.

16 Kato therefore counts as a strike.  See Andrews, 398 F.3d at 1121; Moore, 657 F.3d at 894.

17              Turner v. Girton, Case No. 2:00-cv-1784 FCD GGH P, presents a closer

18 question.  In this case, the magistrate judge had found at the screening stage that the original and

19 first amended complaints both stated cognizable claims.  ECF Nos. 7, 15 in Case No. 2:00-cv-

20 1784.  Defendant thereafter filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), which

21 motion plaintiff failed to oppose.  See ECF Nos. 20, 22 in Case No. 2:00-cv-1784.  The

22 magistrate judge found that plaintiff's failure to oppose the motion should be deemed a waiver of

23

---

24        [1]     This case was transferred from the Eastern District where it was originally filed as
Case No. 2:03-cv-2102 MCE DAD P.

25

26        [2]     Plaintiff's request to proceed in forma pauperis was granted in the Northern District.
ECF No. 5.

1   opposition to the granting of the motion, and recommended the motion to dismiss be granted and

2   the action be dismissed.  ECF No. 22 in Case No. 2:00-cv-1784.  The Findings and

3   Recommendations were adopted by the district judge and the case was dismissed on May 21,

4   2001.  ECF No. 23 in Case No. 2:00-cv-1784.

5            The Ninth Circuit has cautioned district courts to carefully examine orders of

6   dismissal for their basis in determining whether they count as "strikes" under § 1915(g):

7            Not all unsuccessful cases qualify as a strike under § 1915(g).
             Rather, § 1915(g) should be used to deny a prisoner's IFP status
8            only when, after careful evaluation of the order dismissing an
             action, and other relevant information, the district court determines
9            that the action was dismissed because it was frivolous, malicious or
             failed to state a claim.

10

11  Andrews, 398 F.3d at 1121.

12           In Andrews, the Ninth Circuit reversed a "three strikes" dismissal that had been

13  entered by this court in a case in which the plaintiff had suffered 22 prior dismissals and had

14  been deemed a vexations litigant by a state court.  The district court was reversed because it had

15  imposed the burden on plaintiff to prove his qualification for IFP status.  Id. at 1117, 1120.  The

16  court of appeals also noted, to provide guidance on remand, that the state had not produced

17  evidence sufficient to establish a prima facie case that the prior dismissals should count as

18  strikes.  Id. at 1120-21.  The court emphasized that it is not the fact of a dismissal but its actual

19  basis that matters.  Id. at 1121 ("We hold that . . . the prior dismissals would qualify as strikes

20  only if, after reviewing the orders dismissing those actions and other relevant information, the

21  district court determined that they had been dismissed because they were frivolous, malicious or

22  failed to state a claim.").

23           The Findings and Recommendations regarding the Rule 12(b)(6) motion in Case

24  No. 2:00-cv-1784 read as follows:

25           On February 23, 2001, defendant filed a motion to dismiss
             pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiff has not opposed the
26           motion.

5

1  Local Rule 78-230(m) provides in part: "Failure of the responding party to file written opposition or to file a statement of non-opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." On December 20, 2000, plaintiff was advised of the requirements for filing an opposition to a motion to dismiss and that failure to oppose such a motion may be deemed a waiver of opposition to the motion.

2
3
4

5  Accordingly, plaintiff's failure to oppose should be deemed a waiver of opposition to the granting of the motion.  IT IS HEREBY RECOMMENDED that:

6

7  1.  Defendants' February 23, 2001, motion to dismiss be granted; and

8

9  2.  This action be dismissed.

10  ECF No. 22 in Case No. 2:00-cv-1784 FCD GGH.

11          These Findings and Recommendations, adopted in full by the district judge,

12  contain no finding that the action was frivolous or malicious or that the complaint failed to state a

13  claim on which relief could be granted.  Indeed, the order reflects that there was no analysis of

14  the adequacy of plaintiff's claim(s), and affirmatively demonstrates that the dismissal was based

15  on grounds *other than* failure to state a claim.  The fact that a Rule 12(b)(6) motion was granted

16  is not dispositive, when the record of the case demonstrates that the dismissal did not follow

17  from any finding that the complaint was improper or legally inadequate.  Because the case was

18  not dismissed on grounds that it was "frivolous, malicious or failed to state a claim," it cannot be

19  considered a strike within the meaning of § 1915(g).

20          Defendant has identified only two prior strikes.  Accordingly, the motion to

21  revoke plaintiff's in forma pauperis status should be denied.

22          Motion for Leave to Amend

23          Plaintiff seeks leave to file a third amended complaint, and an extension of time to

24  do so.  ECF No. 66.  Plaintiff's motion was not, however, accompanied by a proposed amended

25  complaint.  As a prisoner, plaintiff's pleadings are subject to evaluation by this court pursuant to

26  the in forma pauperis statute.  See 28 U.S.C. § 1915A.  Since plaintiff did not submit a proposed

6

1  amended complaint, the court is unable to evaluate it.  Accordingly, the motion will be denied

2  without prejudice.  Plaintiff faces no filing deadline so there is no time to extend.

3          Accordingly, IT IS ORDERED that:

4          1.  Defendants' motion to strike (ECF No. 58) plaintiff's second-filed opposition

5  (ECF No. 57) is denied as moot;

6          2.  Plaintiff's motion for leave to amend/extension of time to amend (ECF No. 66)

7  is denied without prejudice.

8          3.  The Clerk of the Court is directed to make a random district judge assignment

9  to this case.

10          IT IS RECOMMENDED that:

11          1.  Defendants' motion to revoke plaintiff's in forma pauperis status (ECF No.

12  40),  pursuant to the three-strikes provision of 28 U.S.C. § 1915(g), be denied; and

13          2.  Defendants be directed to file a response to the complaint within 21 days of

14  any order adopting these Findings and Recommendations.

15          These findings and recommendations are submitted to the United States District

16  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

17  one days after being served with these findings and recommendations, any party may file written

18  objections with the court and serve a copy on all parties.  Such a document should be captioned

19  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

20  shall be served and filed within fourteen days after service of the objections.  The parties are

21  advised that failure to file objections within the specified time may waive the right to appeal the

22  District Courts order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23  DATED: May 17, 2013

24

25  _____
   ALLISON CLAIRE
   UNITED STATES MAGISTRATE JUDGE

26  AC:009/turn2343.mtns

7