1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LEO B. TURNER, Jr.,                          No.  2:11-cv-2343 KJM AC P

12              Plaintiff,

13      v.                                        ORDER AND FINDINGS AND
                                                  RECOMMENDATIONS
14   R. COLON, et al.,

15              Defendants.

16

17          Plaintiff, a state prisoner proceeding pro se, has filed an action pursuant to 42 U.S. § 1983.

18   Pending before the court are: (1) plaintiff's proposed third amended complaint (ECF No. 69); (2)

19   defendants' fully-briefed motion to dismiss the second amended complaint for non-exhaustion of

20   administrative remedies (ECF No. 70[1]); and (3) plaintiff's motion for an order to show cause

21   (ECF No. 80).  Plaintiff has also filed a motion for summary judgment (ECF No. 83), briefing of

22   which has been deferred pending disposition of the motion to dismiss (see ECF No. 97).

23      I.      Procedural Background

24          This case was filed in the Northern District on September 9, 2010 and was initially

25   dismissed with prejudice on September 24, 2010 for failure to state a claim.  ECF No. 6.  On

26

27   [1] See also ECF No. 71 (opposition), ECF No. 72 (reply).  Following the close of authorized
     briefing, plaintiff continued to file additional and essentially duplicative arguments against the
28   motion.  See ECF Nos. 74, 75, 88, 92.

1   plaintiff's motion for reconsideration, the court reopened this case, found the proposed amended

2   complaint stated a deliberate indifference claim, and transferred the case to the Eastern District

3   because the claims arose in San Joaquin County.  ECF No. 12.  Plaintiff's subsequent request for

4   leave to file a second amended complaint was granted.  ECF No. 19.  The previously assigned

5   Magistrate Judge directed that plaintiff's second amended complaint (ECF No. 20) be served

6   upon defendants Colon, Nicholson, Richards and Casey.  ECF No. 29 (order filed August 16,

7   2012).  The defendants moved to revoke plaintiff's in forma pauperis status (ECF Nos. 40, 45),

8   and that motion was denied (ECF Nos. 67, 75).  Plaintiff requested an extension of time to file a

9   third amended complaint, ECF No. 66, but failed to submit a proposed third amended complaint.

10  ECF No. 66.  Accordingly, the undersigned denied without prejudice the motion for leave to

11  amend.  ECF No. 67 at 6-7.

12        II.      Third Amended Complaint

13         Following the ruling on his deficient motion for leave to amend, petitioner filed a putative

14  third amended complaint unaccompanied by a motion.  ECF No. 69.  In his previously-denied

15  request to file such a complaint, petitioner had stated his intention to add the warden as a

16  defendant after he had identified that individual.  The proposed third amended complaint does not

17  identify the warden plaintiff seeks to sue, nor does it frame a colorable claim for damages against

18  the unnamed warden.

19         The Civil Rights Act under which this action was filed provides as follows:

20              Every person who, under color of [state law] . . . subjects, or causes
                to be subjected, any citizen of the United States . . . to the
21              deprivation of any rights, privileges, or immunities secured by the
                Constitution . . . shall be liable to the party injured in an action at
22              law, suit in equity, or other proper proceeding for redress.

23  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

24  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

25  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

26  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

27  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits

28  to perform an act which he is legally required to do that causes the deprivation of which

2

1    complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

2         Supervisory personnel are generally not liable under § 1983 for the actions of their

3    employees under a theory of respondeat superior and, therefore, when a named defendant holds a

4    supervisorial position, the causal link between him and the claimed constitutional violation must

5    be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v.</u>

6    <u>Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert. denied</u>, 442 U.S. 941 (1979).  Vague and

7    conclusory allegations concerning the involvement of official personnel in civil rights violations

8    are not sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).  Plaintiff

9    does not link the unnamed warden to any of the conduct for which he sues the previously named

10   defendants.  Accordingly, the allegations against the warden are inadequate to state a claim.

11        The court notes plaintiff has previously amended his complaint twice.  Accordingly, he

12   may no longer amend as a matter of course under Fed. R. Civ. P. 15(a)(1)  (party may amend

13   once as a matter of course within prescribed time limits).  Fed. R. Civ. P. 15(a)(2) permits further

14   amendment of the pleading "only with the opposing party's written consent or the court's leave."

15   While "[t]he court should freely give leave when justice so requires," amendment is not

16   warranted here.  Plaintiff's complaint is unaccompanied by a stipulation or a motion.  Even if the

17   undersigned construed the filing of the third amended complaint as a renewal of the previously-

18   denied motion for leave to amend, that motion would be denied because the additional defendant

19   is unnamed and there are no allegations against him that would support liability.  Accordingly, the

20   putative third amended complaint will be stricken.

21        III.    Motion for Order to Show Cause/Requests for Entry of Default

22        Plaintiff seeks an order requiring defendants to file an answer (ECF No. 80), and requests

23   entry of default in light of their failure to answer (ECF Nos. 81, 82).  Defendants filed a response

24   to the second amended complaint in the form of a motion to dismiss on June 7, 2013 (ECF No.

25   70).  That motion was timely filed 21 days after issuance of the Findings and Recommendations

26   regarding plaintiff's in forma pauperis status and related matters.  The undersigned had

27   recommended that the district court direct defendants to respond to the complaint within 21 days

28   of adoption of the Findings and Recommendations.  ECF No. 67 at 7.  Defendants' motion was

1  filed prior to adoption of the Findings and Recommendations and was thus, if anything, early.

2  Defendants are permitted to file a motion to dismiss in lieu of an answer.  Fed. R. Civ. P. 12

3  (a)(4), (b).  Because defendants have complied with the rules and with the order of this court, the

4  motion for an order to show cause will be denied and the requests for entry of default will be

5  disregarded.

6       IV.    Motion to Dismiss

7       Defendants seek dismissal of this action under Rule 12(b) on grounds that plaintiff failed

8  to exhaust administrative remedies.  ECF No. 70.

9       A.  *The Exhaustion Requirement*

10       The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), provides that

11  "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any

12  other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until

13  such administrative remedies as are available are exhausted."  Regardless of the relief sought,

14  whether injunctive relief or money damages, inmates must exhaust administrative remedies.

15  Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999); Booth v. Churner, 532 U.S. 731 (2001).

16  Administrative remedies must be exhausted before the complaint is filed.  McKinney v. Carey,

17  311 F.3d 1198 (9th Cir. 2002), but see Rhodes v. Robinson, 621 F.3d 1002 (9th Cir. 2010)

18  (PLRA exhaustion requirement satisfied with respect to new claims within an amended or

19  supplemental complaint so long as administrative remedies are exhausted prior to the filing of the

20  amended or supplemental complaint).

21       Exhaustion of administrative remedies under the PLRA requires that the prisoner

22  complete the administrative review process in accordance with the applicable procedural rules.

23  Woodford v. Ngo, 548 U.S. 81 (2006).  An untimely or otherwise procedurally defective appeal

24  will not satisfy the exhaustion requirement.  Id. at 84.  When an inmate's administrative grievance

25  is improperly rejected on procedural grounds, however, exhaustion may be excused as

26  "effectively unavailable."  Sapp v. Kimbrell, 623 F. 3d 813, 823 (9th Cir. 2010); see also, Nunez

27  v. Duncan, 591 F.3d 1217, 1224-26 (9th Cir. 2010) (finding plaintiff's failure to timely exhaust

28  excused because "he took reasonable and appropriate steps to exhaust . . ." but was precluded

1   from doing so by warden's mistake); <u>Ward v. Chavez</u>, 678 F.3d 1042, 1045-46 (9th Cir. 2012)

2   (federal prison inmate entitled to waiver of exhaustion requirement where exhaustion would be

3   futile).

4         Although CDCR's administrative exhaustion procedure has been modified since the

5   events at issue here, the prison appeal system in place at the time of plaintiff's segregation

6   included four levels.  <u>See</u> Motion to Dismiss, Declaration of DVI Appeals Coordinator, R. den

7   Dulk (ECF No. 70-2) at ¶¶ 1, 3.  In order to exhaust, an inmate must proceed through the

8   following levels of review: (1) informal resolution, (2) formal written appeal at the first

9   institutional level, (3) second level appeal to the institution head or designee, and (4) third level

10   appeal to the Director of the California Department of Corrections.  <u>Barry v. Ratelle</u>, 985 F. Supp.

11   1235, 1237 (S.D. Cal. 1997) (citing 15 Cal. Code Regs. § 3084.5).  A final decision from the

12   Director's level of review satisfies the exhaustion requirement.  <u>Id.</u> at 1237-38.

13         B.  *Standards Governing the Motion*

14         In a motion to dismiss for failure to exhaust administrative remedies under non-

15   enumerated Rule 12(b) of the Federal Rules of Civil Procedure, defendants "have the burden of

16   raising and proving the absence of exhaustion."  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th

17   Cir.), <u>cert. denied</u>, 540 U.S. 810 (2003).  The parties may go outside the pleadings, submitting

18   affidavits or declarations under penalty of perjury, and plaintiff must be provided with notice of

19   his opportunity to develop a record.  <u>Id.</u> at 1120 n.14.[2]  The court may decide disputed issues of

20   fact.  If the court determines that plaintiff has failed to exhaust, dismissal without prejudice is the

21   appropriate remedy.  <u>Id.</u> at 1120.

22         C.  *Plaintiff's Allegations*

23         The operative second amended complaint alleges that on April 20, 2010 at Deuel

24   Vocational Institution, at the direction of defendants Sergeant Colon and Lieutenant Casey,

25   defendant Correctional Officers Nicholson and Richards ordered all the J-wing Building inmates

26         ——————————————

27         [2] This court provided plaintiff with <u>Wyatt</u> notice on August 29, 2012.  (ECF No. 29).
Defendants provided, with their motion, the concurrent <u>Wyatt</u> notice required by <u>Woods v. Carey</u>,
684 F.3d 934 (9th Cir. 2012).  ECF No. 70 at 2.

28

1    out to yard although "it was raining and storming outside." ECF No. 20 at 3.  The inmates,

2    including plaintiff, were made to stand out in the rain without jackets.  Id.  Plaintiff claims that, as

3    a result, he contracted a respiratory infection and is on two different kinds of inhalers to allow

4    him to breathe.  Id.  Plaintiff seeks money damages from each defendant.  Id. at 2-3.

5          D.  *Chronology of Plaintiff's Administrative Appeal*

6          Plaintiff filed an initial 602 grievance on April 25, 2010, to which he received an informal

7    response dated April 29, 2010.  ECF No. 20 at 5-6; ECF No. 71 at 3-4.  Plaintiff next appealed

8    directly to the Director of the Department, bypassing the first and second levels of review.

9    Plaintiff's exhibit demonstrates that on April 29, 2010, he completed the portion of the 602 form

10    intended for a request of first level formal institutional review, but submitted that form to the

11    Inmate Appeals Branch rather than to the institution's appeal coordinator.  ECF No. 71 at 3-4.

12    The request for review was received at the Director's Level on May 4, 2010.  ECF No. 70-3

13    (Decl. of J.D. Lozano, Chief of Inmate Appeals) at 6 (Exh. A); ECF No. 71 at 3-4, 7.  The request

14    was rejected on May 28, 2010, because plaintiff had not completed the first and second levels of

15    review before seeking third level review.  ECF No. 70-3 at 6.

16          On June 5, 2010, presumably having received the third level rejection, plaintiff completed

17    the portion of the form intended for requesting second level review.  ECF No. 71 at 4.  This was

18    the first request for review submitted to the institution, which treated it accordingly as a first level

19    request.  The request was screened out as untimely on June 22, 2010.  ECF No. 70-2 (Decl. of R.

20    den Dulk, DVI Appeals Coordinator) at 6 (Exh. B).[3]  No appeal of the April 20, 2010 incident

21    was ever accepted for review at the first or second (institutional) levels.  Id. at 2.

22          On June 29, 2010, plaintiff signed and dated another appeal to the Director's Level,

23    explaining that he was not responsible for the time lapse.  Inmate Appeal Branch (IAB) records

24    show receipt on July 21, 2010 of an appeal with the same IAB number as plaintiff's May 4

25    _____

26    [3] "The enclosed documents are being returned to you for the following reasons:  There has been
too great a TIME LAPSE between when the action or decision occurred, with no reasonable

27    circumstances justifying the delay.  Time limits have expired per CCR 3084.6(c)."  Id.  At the
time, inmates were required to seek formal review within 15 days of the informal response.  ECF

28    No. 70- at 2.  This time limit is specified on the form used by plaintiff.  ECF No. 71 at 3-4.

submission.  ECF No. 70-3 at 6.[4]  That appeal was rejected on August 20, 2010.  Id.  No appeal of the April 20, 2010 DVI incident was ever accepted for review at the third level.

E.  *Discussion*

It is undisputed that plaintiff's various attempts to grieve the April 20, 2010 incident were rejected on procedural grounds.  Plaintiff concedes here, as he did in his final submission to the Inmate Appeals Branch, that he sent his initial request for formal review to Sacramento rather than submitting it within the institution.  See ECF No. 71 at 1-2, 4.  As a result of this failure to follow protocol, plaintiff's subsequent attempt to seek institutional review was untimely.  Plaintiff contends that administrative exhaustion should be excused because the untimeliness was caused by prison official's interference with his appeals.  The question is whether exhaustion was "effectively unavailable."  Sapp, 623 F.3d at 823.

In opposition to the motion, plaintiff contends (1) that prison staff at DVI kept returning his grievance unanswered in an effort to circumvent the applicable appeal deadlines, thereby forcing him to bypass the first and second levels of review and appeal directly to Sacramento, and (2) that his third level appeal was maintained at the director's level for months to stymie his appeal process, and/or (3) that the DVI appeal coordinator kept the 602 for over two months in order to ensure that it could be rejected as untimely.  ECF No. 71 at 1-2.  These allegations are refuted by the record, including plaintiff's own exhibits.

Plaintiff received a response to his 602 at the informal level four days after filing it and two days after it was dated as received.  His dissatisfaction with that response was signed and dated on April 29, 2010, the same day that the informal response was delivered to him.  The Inmate Appeals Branch stamped that appeal as received on May 4, 2010.  Plaintiff's appeal was not delayed "for months" at DVI before he sent it, out of order, for third level review.  On the contrary, plaintiff sent the appeal to Sacramento almost as soon as he received the informal response to the 602.

The documentary record also does not support plaintiff's contention that the DVI appeals

---

[4] The undersigned assumes that this was the request for review dated June 29, 2010.

1    coordinator retained his first level appeal "for over 2 months" before it was rejected, or that the

2    Director (or Inmate Appeals Branch) held the appeal for "months."  The chronology outlined

3    above contains no such gaps, and plaintiff has presented no evidence of obstruction.

4            The only unexplained gap in the chronology is the three week gap between June 29, 2010,

5    when plaintiff signed and dated his second request for review directed to the Inmate Appeals

6    Brach, and July 21, 2010, when the IAB reports receipt of that request.  Compare, ECF No. 71 at

7    4 with ECF No. 70-3 at 6.[5]  Even if plaintiff could demonstrate that his appeal was deliberately

8    delayed by prison officials during that period, however, it would not excuse exhaustion because

9    plaintiff's own actions had already defeated exhaustion prior to that point.  Plaintiff forfeited his

10   ability to administratively exhaust at the very beginning of his appeals process, by failing to seek

11   first level formal review within 15 days of April 29, 2010.  The subsequent rejection of his appeal

12   at the first level for untimeliness therefore compels a finding that he failed to exhaust his

13   administrative remedies.  See Woodford v. Ngo, 548 U.S. at 90-91 ("Proper exhaustion demands

14   compliance with an agency's deadlines and other critical procedural rules because no adjudicative

15   system can function effectively without imposing some orderly structure on the course of its

16   proceedings.").

17         V.    Motion for Summary Judgment

18           Because the complaint must be dismissed for failure to exhaust administrative remedies,

19   plaintiff's pending motion for summary judgment should be vacated as moot.

20           Accordingly, IT IS ORDERED that:

21           1.  Plaintiff's third amended complaint (ECF No. 69) is stricken; and

22           2.  Plaintiff's motion for an order to show cause (ECF No. 80) and requests for entry of

23   default (ECF Nos. 81, 82) are denied.

24   ////

25   ////

26   ////

27

28   [5] To add to the confusion, the 602 form itself indicates receipt at the Director's Level on August
     18, 2010.  ECF No. 71 at 4.

8

1    IT IS RECOMMENDED that:

2    1.  Defendants' motion to dismiss (ECF No. 70) be granted and this case be dismissed

3    without prejudice; and

4    2.  Plaintiff's motion for summary judgment (ECF No. 83) be vacated as moot.

5    These findings and recommendations are submitted to the United States District Judge

6    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

7    after being served with these findings and recommendations, any party may file written

8    objections with the court and serve a copy on all parties.  Such a document should be captioned

9    "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

10   objections shall be filed and served within fourteen days after service of the objections.  The

11   parties are advised that failure to file objections within the specified time may waive the right to

12   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13   DATED: December 13, 2013

14   _____
     ALLISON CLAIRE
15   UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28