UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEO B. TURNER, Jr., | No. 2:11-cv-2343 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| R. COLON, et al., | |
| Defendants. | |

This prisoner civil rights action was remanded from the Ninth Circuit with the instruction that under <u>Albino v. Baca</u>, 747 F. 1162 (9th Cir. 2014), a motion for summary judgment, not a non-enumerated Rule 12(b) motion, is the appropriate vehicle for defendants to seek to plead and prove plaintiff's failure to exhaust administrative remedies.[1]  ECF Nos. 113, 117.  Defendants were subsequently ordered to file a response to the second amended complaint.  ECF Nos. 116, 120.  On September 2, 2014, defendants filed both an answer and a motion for summary judgment on the ground that plaintiff has failed to exhaust his administrative remedies.  ECF Nos. 122, 123.  Plaintiff has filed an opposition to defendants' summary judgment motion.  ECF No. 132.  Defendants also filed, on September 5, 2014, a motion for a protective order staying discovery pending resolution of the potentially case-dispositive motion.  ECF No. 124.  Plaintiff

---

[1] The matter had been adjudicated in the district court -- and was appealed from -- prior to the April 3, 2014 ruling in <u>Albino</u>.

has not expressly addressed the motion for a protective order but seeks a 60-day extension of time to file certain discovery documents in support of his own motion for summary judgment against defendants. ECF No. 133.

I.   Defendants' Motion for a Protective Order

Defendants seek a protective order pending adjudication of their motion for summary judgment, to forestall the additional expenditure of resources for discovery responses. Defendants contend that their motion may dispose of the entire case or specific claims and/or defendants. ECF No. 124.

A.   Standards Governing Motion to Stay

The scope of discovery under Fed.R.Civ.P. 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense---including the existence, description, nature, custody, condition and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Id. Discovery may extend to relevant information not admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. The court, however, may limit discovery if it is "unreasonably cumulative or duplicative," or can be obtained from another source "that is more convenient, less burdensome, or less expensive"; or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery"; or if the proposed discovery is overly burdensome. Fed.R.Civ.P. 26(b)(2)(C)(i), (ii) and (iii).

A party may seek a protective order that stays discovery pending resolution of a potentially dispositive motion such as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See, e.g., Wenger v. Monroe, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming district court's grant of protective order staying discovery pending resolution of motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6)). District courts may exercise "wide discretion in controlling discovery." Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir.1988).

The Federal Rules provide that good cause is required in order for a party to obtain a protective order. Fed. R. Civ. P. 26(c); Kiblen v. Retail Credit Co., 76 F.R.D. 402, 404 (E.D. Wash. 1977). "Good cause" exists when justice requires the protection of "a party or person from

any annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). To prevail on a motion for a protective order, the party seeking the protection has the burden to demonstrate "particular and specific demonstration[s] of fact, as distinguished from conclusory statements . . . ." Twin City Fire Ins. Co. v. Employers Ins. of Wausau, 124 F.R.D. 652, 653 (D. Nev. 1989); Kamp Implement Co. v. J.I. Case Co., 630 F. Supp. 218, 219 (D. Mont. 1986).

The Ninth Circuit has not articulated a clear standard for staying discovery in the face of a pending, potentially dispositive motion. Mlejnecky v. Olympus Imaging Am., Inc., No. 2:10-cv-2630-JAM-KJN, 2011 WL 489743 at *6 (E.D. Cal. Feb. 7, 2011). "However, federal district courts in California have applied a two-part test when evaluating such a request for a stay." Id.; Lowery v. F.A.A., 1994 WL 912632, *3 (E.D. Cal. 1994). "First, the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed." Mlejnecky, *6. Second, the court must determine whether the potentially dispositive pending motion can be decided without additional discovery. Id. If these two prongs are satisfied by the moving party, the court may issue a protective order. Id. If either prong of the test is not met, discovery should proceed. Id.

B.  Discussion

In the instant case, defendants contend that their pending summary judgment motion is potentially case dispositive. ECF No. 124-1 at 3. Even if the motion does not resolve this case, the claims and the scope of permissible discovery may be narrowed if any portion of their motion is granted. Id. Moreover, defendants argue that plaintiff does not require further discovery in order to oppose the motion, as evidenced by the fact that he has already filed an opposition. Id. The court finds that both prongs of the test are met in that the motion is potentially case dispositive or at a minimum may narrow the issues. Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 633, 654 (1999); Mlejnecky at *10. In addition, the motion can be adjudicated without further discovery.

Moreover, a Discovery and Scheduling Order has not yet issued in this case. The court finds that defendants should not be subjected to the undue burden or expense of responding to

discovery which may ultimately prove not to be reasonably calculated to lead to the discovery of relevant evidence.

II.      Plaintiff's Motion

Plaintiff has filed a motion for a sixty day extension of time "to file a[] deposition, interrogatory, and affidavit, discovery in support of my summary judgment against defendants." ECF No. 133. Plaintiff has evidently recently paroled. He contends that an unnamed property officer at Kern Valley State Prison destroyed his legal books and materials related to this case and is seeking the extension "so my lawyer can prepare a defen[s]e on my behalf" and, in the first instance, is seeking counsel. Id. at 1-2.

In the district court order granting the motion to dismiss, plaintiff's motion for summary judgment, ECF No. 83, was vacated as moot. ECF No. 103. The order of remand addresses only the dismissal on administrative exhaustion grounds, it does not reinstate the vacated motion. Accordingly, plaintiff's request relates to a motion that is not pending before the court.

Even if plaintiff's summary judgment motion, originally filed on September 16, 2013, was renewed by the remand, it would be vacated now on different grounds. The undersigned finds that the motion is premature, and that it is defective in that does not comply with Rule 56(c)(1) of the Federal Rules of Civil Procedure[2] or Local Rule 260(a). In his Statement of Undisputed Facts, plaintiff has failed to "cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact." L. R. 260(a). If plaintiff intends to bring a summary judgment motion addressing the merits of this case, it is not yet the appropriate time to do so. If this case survives summary judgment on the administrative exhaustion issue, the court will lift the stay here imposed on discovery and a Discovery and Scheduling Order will issue. Plaintiff will then have the opportunity to conduct discovery and bring whatever motions he wishes.

---

[2] "A party asserting that a fact cannot be . . . genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . . Fed. R. Civ. P. 56(c)(1)(A).

4

III.     Defendants' Request for the Application of Non-Prisoner Provisions of the Local Rules

Defendants ask the court to apply the non-prisoner provisions of the Local Rules in place of L.R. 230(l) because plaintiff has been discharged from the California Department of Corrections and Rehabilitation (CDCR). ECF No. 131 at 3, Declaration of Janet N. Chen ¶¶ 2-3. Plaintiff has not opposed the request. The request will be granted but as to defendants' pending summary judgment motion, this matter will be deemed submitted on the papers without need for oral argument.

Accordingly, IT IS ORDERED that:

1. Defendants' motion for a protective order staying discovery (ECF No. 124) is GRANTED;

2. Discovery in this case is STAYED until resolution of defendants' pending summary judgment motion on grounds of non-exhaustion of administrative remedies;

3. Assuming, in light of the Ninth Circuit remand, the renewal of plaintiff's previously vacated motion for summary judgment (ECF No. 83), the motion is vacated as premature and procedurally defective;

4. Plaintiff's motion for an extension of time to file documents in support plaintiff's motion for summary judgment (ECF No. 133) is denied without prejudice as premature;

5. Defendants' unopposed request at ECF No. 131 that this matter be governed by the non-prisoner provisions of L.R. 230, and not L.R. 230(l), is granted on the basis that plaintiff has been discharged from prison. Defendants' pending summary judgment motion is nonetheless ordered submitted on the papers.

DATED: October 15, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE